IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| ALMER LEE COLBERT, #1114774 | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-05-210 |
| | § | |
| DOUG DRETKE, DIRECTOR | § | |
| TDCJ-CID | § | |

## REPORT AND RECOMMENDATION

Before the Court is the Petition for a Writ of Habeas Corpus of Almer Lee Colbert, an inmate in the Texas Department of Criminal Justice - Correctional Institutions Division. The Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §§ 2241 and 2254. The State has custody of Petitioner pursuant to a judgment and sentence entered by the 147th District Court of Travis County, Texas. On July 10, 2002, Petitioner was convicted of theft, enhanced to a second degree felony, and was sentenced to five years imprisonment in the TDCJ-CID. His conviction was upheld on appeal on September 11, 2003, and his Petition for Discretionary Review ("PDR") was refused on January 14, 2004.

Petitioner filed two state habeas corpus petitions regarding the conviction at issue here, but both were dismissed because his direct appeal was pending when the writs were filed. *Ex parte Colbert*, 46,257-04 and 46,257-07. After the PDR was refused, Petitioner filed a habeas writ in the Western District of Texas that challenged his 2002 conviction. *Colbert v. Dretke*, A-04-CA-169-H. The District Court found that the habeas writ presented a "mixed petition" of exhausted and unexhausted claims, but it exercised its discretion to dismiss the entire petition on its merits.

1

Petitioner's writ in this Court again challenges his 2002 conviction in the 147th District Court of Travis County. The state record shows that his sentence in that case was enhanced by prior convictions in 1972 and 1976. *Ex parte Colbert*, No. 46,257-04 at 8. Petitioner claims that the state courts have unconstitutionally failed to rule on collateral attacks he alleges have been pending for 32 months on "cause number 31587." Petition at 7. According to the jury verdict in the 2002 conviction, this cause number is for a 1972 robbery conviction in Galveston County. Id. at 8. However, Petitioner does not ask the Court for any form of intervention in the state court's consideration of his filings. Instead, he claims that he should be granted a new trial in the 147th District Court or be released from prison. Liberally construed, he appears to ask the Court to find that the 1972 and 1976 convictions were improperly used for enhancement purposes because of defects in those earlier trial proceedings or, in the alternative, to find that the state's delay in considering his collateral attacks means that his current incarceration is unconstitutional.

The State argues that the instant Petition should be dismissed as successive and therefore an abuse of the writ. When a prisoner seeks relief from a sentence that has been enhanced by a prior conviction, the habeas challenge – even though it may be based on an attack directed against the prior conviction – is actually a challenge to the current sentence. *McQueen v. Whitley*, 989 F.2d 184, 186 (5th Cir. 1993). It therefore must be raised in an initial habeas petition in federal court or be dismissed as a successive petition. *Id*. A prisoner therefore cannot challenge an enhanced conviction on the merits in a first federal petition and then file a second writ seeking to set aside the enhancement itself.

Petitioner's claim that the indictment in the 1972 conviction was flawed was specifically asserted in the earlier federal writ and is clearly successive. Petitioner's 2004 Writ at 2. By

2

contrast, the enhancement issues are raised for the first time in this second federal writ. *Colbert v. Dretke*, No. A-04-CA-169 (July 7, 2004). After examining the record in this case, the Court finds that this issue is also successive because it was either known, or should have been known, to Petitioner when he filed his earlier writ. The allegation that he had collateral attacks pending in state court concerning his earlier convictions was well known to Petitioner when he filed his first federal Petition on March 30, 2004. Petitioner alleges that at the time the instant Petition was filed on April 7, 2005, the state court filings had been pending for 32 months, or since August, 2002. Thus, it had been pending for 19 months when Petitioner filed his first federal writ. Indeed, he specifically claimed in his first habeas writ that he had filed habeas petitions relating to the convictions used for enhancements. *See* Petitioner's 2004 Petition at 9. Nevertheless, he failed to raise the enhancement issues now asserted in the instant writ.

When the State puts a prisoner on notice that his petition constitutes an abuse of the writ, the burden shifts to the prisoner to demonstrate that his new claims could not have been raised in the earlier writ. *McCleskey v. Zant*, 499 U.S. 467, 493 (1991); *Brown v. Butler*, 815 F.2d 1054, 1057 (5th Cir. 1987). Petitioner has made no attempt to do so in this case. The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires that a prisoner must seek permission from the appropriate court of appeals before he can file a successive petition. 28 U.S.C. § 2244(b)(3)(A). In this case, Petitioner must receive such permission from the United States Court of Appeals for the Fifth Circuit before he can seek federal habeas relief on any of the issues raised in the current writ.

The Court therefore **RECOMMENDS** that the Petition for a Writ of Habeas Corpus of Almber Lee Colbert (Instrument No. 1) be **DISMISSED as a successive petition**.

The Clerk shall send copies of this Report and Recommendation to the Petitioner by the means in place for transmission of same. Petitioner shall have until **February 27, 2006**, in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk. <u>The Objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at P.O. Drawer 2300</u>. **Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time shall bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas this ___6th___ day of February, 2006.

John R. Froeschner
United States Magistrate Judge